# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TELESA SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:19-CV-2890 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**[1]

This matter is before the court on Plaintiff's Motion for Settlement. [Doc. 48.] The parties have stipulated that the laws of the State of Missouri shall govern this action. [Doc. 55-1.] Plaintiff states that she has settled her claims against Defendant for the Wrongful Death of Philande Jamison for the amount of $500,000. The parties' stipulation for settlement states that: (1) $354,468.60 will be paid to the IOLTA Lawyers' Trust Account of John S. Wallach, attorney for Plaintiff, to be disbursed to Telesa Smith, Dajia Hobin, and Makayla Hobin, the mother and adult children of Philande Jamison, in the amount of $72,765.70 each, and to Floyd Jamison, Sr., the father of Philande Jamison, in the amount of $7,500; (2) $145,531.40 will be paid to Atlas Settlement Group, Inc. for the purchase of two annuities, of $72,765.70 each, for the benefit of the two minor children of Philande Jamison; and (3) counsel for plaintiff will receive $125,000 in fees and $3,761.48 in costs, to be paid from amount deposited in the IOLTA Lawyers' Trust Account. [Doc. 55-2.] The stipulation also sets out that Telesa Smith, Dajia Hobin, Makayla Hobin, Floyd Jamison,

---

[1] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). [Doc. 22.]

Sr., and the decedent's two minor children comprise the totality of individuals entitled to recover in this matter. *Id.*

Although Plaintiff has indicated that Stefanie Fisk and Domonique Grant, mothers of the decedent's two minor children, would be appearing at the settlement hearing currently set for Tuesday, May 18, 2021 as the next friends of their respective children, the court has not received petitions to appoint either individual as next friend, in accordance with the procedures set out by Mo. Rev. Stat. § 507.110 *et seq.* which outlines different procedures to be followed depending on the age of the minor. The petition and appointment of next friends must occur prior to any further proceedings. Mo. Rev. Stat. § 507.170.

Plaintiff's witness list did not include Dajia Hobin and Makayla Hobin, the decedent's adult children and beneficiaries of the settlement agreement. Nor did Plaintiff submit affidavits from either Dajia Hobin or Makayla Hobin acknowledging the settlement amount and proposed distribution of the settlement, and their understanding that they are waiving the right to a jury trial or the right to bring any further claims related to the death of the decedent.

Plaintiff has not submitted a copy of her contract with her attorney. Section 537.095.4(2) states that the court shall order a claimant to "deduct and pay the expenses of recovery and collection of the judgment and the attorneys' fees as contracted[.]" Mo. Rev. Stat. 537.095(2). "Missouri courts read this language to foreclose any judicial discretion when awarding attorneys' fees: if plaintiffs and counsel have signed a fee agreement, a court cannot modify this contract when approving the wrongful death settlement." *Calvin v. United States*, 2015 U.S. Dist. LEXIS 168666, at *7 (W.D. Mo. Dec. 17, 2015). Furthermore, "the parties carry the burden of providing evidence of a fee arrangement contract." *Id.* Plaintiff has only provided the fees and costs information stipulated in the agreement, without providing a fee agreement or a detailed

accounting of costs. As such, there is insufficient information for the court to properly consider the request for attorneys' fees and costs. *See Kavanaugh v. Mid-Century Inc. Co.*, 937 S.W.2d 243, 247 (Mo. Ct. App. 1996).

Finally, the stipulation for settlement sets out that the attorney's fee will be taken from the entire amount deposited to the IOLTA Lawyers' Trust Account for Plaintiff's counsel. The court must first apportion damages before allocating attorneys' fees. *Hess v. Craig*, 43 S.W.3d 457, 459 (Mo. Ct. App. 2001). Therefore, Plaintiff must make it clear from whose apportionment(s) the attorney's fees and expenses will be deducted.

Accordingly, the Court will vacate the hearing currently set for May 18, 2021, and reschedule the hearing upon receipt of a Motion for Approval of Minor Settlement and Proposed Order and Judgment Approving Settlement, which recite in detail the settlement's compliance with the requirements of Mo. Rev. Stat. § 507.110 *et seq.*, § 537.080, and § 537.095.

**IT IS HEREBY ORDERED** that Plaintiff shall file an amended or supplemental Motion for Approval of Minor Settlement no later than **Tuesday, June 1, 2021**. Plaintiff's Amended Motion for Approval shall include the requirements as outlined above and include attachments as necessary to comply with those requirements.

**IT IS FURTHER ORDERED** that the hearing on Plaintiff's Motion for Approval of Minor Settlement set for Tuesday, May 18 at 12:00 p.m. is vacated.

NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 17th day of May, 2021.